UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Crim. No. 05cr2167 JAH |
|---|---|---|
| Plaintiff, | ) | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS FOR JUDGMENT OF ACQUITTAL AND GRANTING DEFENDANT'S MOTION FOR NEW TRIAL** |
| v. | ) | |
| JULIE ANN ROBICHEAUX (2), | ) | |
| Defendant. | ) | |

### INTRODUCTION

Currently pending before this Court are the reserved motions for judgment of acquittal made by defendant Julie Ann Robicheaux ("defendant" or "Robicheaux") orally during trial pursuant to Rule 29 of the Federal Rules of Criminal Procedure and the motion filed by defendant seeking an order granting a new trial in this matter pursuant to Rule 33 of the Federal Rules of Criminal Procedure. After a careful consideration of the moving and opposition briefs filed by the parties, the oral argument presented by the parties, the entire record of proceedings in this case, and for the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART defendant's motions for judgment of acquittal and GRANTS defendant's motion for a new trial.

//
//
//
//

# BACKGROUND

## 1. Factual Background

Robicheaux and her co-defendant Abderrahman Dhaoui ("Dhaoui") were married in Tunis, Tunisia on May 31, 1999. The couple entered the United States on June 10, 1999. On April 9, 2001, Robicheaux and Dhaoui filed an I-751 form with the Immigration and Naturalization Service seeking lawful permanent resident status for Dhaoui and, on February 8, 2002, an interview with the couple regarding this application was conducted. On August 7, 2002, the couple filed an N-400 form seeking citizenship for Dhaoui and, on February 10, 2003, an interview was conducted as to that application. The couple represented, on the application forms and in the interviews related to those forms, that Dhaoui resided with Robicheaux in El Centro, California despite the fact that Dhaoui was employed in San Diego, California and leased various apartments in the San Diego area. Dhaoui became a naturalized citizen on June 20, 2003. In addition, on December 27, 2004, Robicheaux filed an I-130 form on behalf of Mustafa Hamdoui.

## 2. Procedural History

On December 1, 2005, Robicheaux and Dhaoui were charged in an indictment containing twelve counts relating to false statements made on the immigration forms and at the interviews relating to the immigration matters mentioned above. A jury trial commenced on October 2, 2007 and lasted until October 30, 2007, when the jury returned a guilty verdict on all counts as to both defendants. Robicheaux orally moved for judgment of acquittal on various counts pursuant to Rule 29 of the Federal Rules of Criminal Procedure after the close of defendants' cases-in-chief but this Court reserved its ruling on the motions.[1] Robicheaux also filed a written motion for a new trial on February 1, 2008. The government filed an opposition to the motion on February 4, 2008.

//

---

[1] Robicheaux had previously moved for judgment of acquittal on the same counts at the close of the government's case-in-chief but the motions were denied.

# DISCUSSION

## 1. Legal Standard

### a. Motion for Judgment of Acquittal

Motions for judgment of acquittal are governed by Rule 29 of the Federal Rules of Criminal Procedure. In determining whether to grant or deny a motion under Rule 29, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," at the time the motion was made. United States v. Alarcon-Simi, 300 F.3d 1172, 1176 (9th Cir. 2002); *see* United States v. Capati, 980 F.Supp.1114, 1122 (S.D.Cal. 1997). The Court must keep in mind that credibility determinations, as well as resolving evidentiary conflicts and drawing reasonable inferences from facts are exclusive jury functions. Alarcon-Simi, 300 F.3d at 1176; Capati, 980 F.Supp. at 1122. A conviction may be sustained based on sufficient circumstantial evidence and inferences drawn from that evidence. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir. 1992).

### b. Motion for New Trial

Motions for a new trial are governed by Rule 33 of the Federal Rules of Criminal Procedure. Under Rule 33, a trial court may, in its discretion, vacate a judgment and grant a new trial if the interests of justice so require. United States v. Rush, 749 F.2d 1369, 1371 (9th Cir. 1984). In ruling on a Rule 33 motion, the trial court need not "view the evidence in the light most favorable to the verdict; it may weigh the evidence and evaluate for itself the credibility of the witnesses." United States v. Kellington, 217 F.3d 1084, 1097 (9th Cir. 2000). However, a motion for new trial may only be granted in exceptional circumstances where the evidence preponderates heavily against the verdict. United States v. Pimental, 654 F.2d 538, 545 (9th Cir. 1981).

//
//
//

2.     Analysis

    a.     Motions for Judgment of Acquittal

At the close of the defendants' cases-in-chief, Robicheaux moved for a judgment of acquittal on Counts 1, 4, 5 and 12[2] pursuant to Rule 29. Count 1 charged both defendants with conspiracy to commit an offense against the United States, namely, false statements in connection with an immigration application. Counts 4 and 5 charged both defendants with making false statements under oath during immigration interviews in connection with a Form I-751 application. Count 12 charged Robicheaux with making false statements on immigration Form I-130 filed on behalf of Mustafa Hamdoui. All counts charge violations of 18 U.S.C. § 1546(a). After hearing the oral argument from counsel, this Court reserved ruling on the motions.

During trial, Robicheaux argued that, in regards to Counts 1, 4 and 5, there was insufficient evidence presented for a jury to find beyond a reasonable doubt that Robicheaux made the statements alleged to have been false during the interview process. *See* Tr. at 1931. To establish what occurred during the interview process, the government presented an expert witness at trial who testified as to the general procedures used during such interviews. *See, e.g.*, Tr. at 140-146. The expert testified that an examiner will place a red check mark next to questions on the form that were asked and answered.[3] Id. at 141-142. However, the form about which the government witness testified was also examined by defendants' expert witness, who pointed out that there was no red check mark next to the question that is the subject of Count 5 of the indictment.

The government, in response, claims that there was enough circumstantial evidence presented for the jury to determine that Robicheaux committed the offenses charged

---

[2] Robicheaux is also named in Counts 2 and 3 in the indictment which are not the subject of these motions.

[3] This Court notes that defendant did not specifically challenge the testimony concerning the use of the red check mark on hearsay grounds in violation of defendant's confrontation rights in her Rule 29 motion. Therefore, this Court does not address the issue of whether the red check mark constitutes hearsay in this order but, in light of this Court's granting of a new trial, discussed *infra*, the matter may be revisited by the Court in pretrial proceedings.

beyond a reasonable doubt. *See* Tr. at 1935. The government claims the evidence clearly shows there was no dispute that both defendants were interviewed and the determination of what information was asked during the interview should be left for the jury to decide. Id. This Court disagrees with the government. As previously noted, the Court's inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, the Court determine if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Alarcon-Simi, 300 F.3d at 1176. The Court looks only to the evidence that had been presented up to the time the Rule 29 motion was reserved. *See* Capati, 980 F.Supp. at 1122.

Upon viewing the evidence in the light most favorable to the prosecution, this Court is convinced that no rational trier of fact could have found, beyond a reasonable doubt, Robicheaux made the false statement during an immigration interview as alleged in Count 5. This Court finds that the lack of a red check mark concerning the question that is the subject of Count 5 creates reasonable doubt as to whether the question was asked and answered at the interview. This Court further finds that no reasonable inferences can be drawn from the facts presented to alter the reasonable doubt created by the lack of red check mark next to the pertinent question on the form. Therefore, this Court finds that, at the time defendant Robicheaux's Rule 29 motion was reserved, the evidence was insufficient for any rational trier of fact to find Robicheaux guilty of the offense alleged in Count 5. Accordingly, defendant's Rule 29 motion as to Count 5 is GRANTED.

In regards to Counts 1, 4 and 12, viewing the evidence in the light most favorable to the prosecution, this Court finds that there was sufficient evidence presented for a rational trier of fact to find defendant guilty beyond a reasonable doubt, based upon the evidence[4] as presented to the jury. Accordingly, defendant's Rule 29 motion as to Count 1, 4 and 12 is DENIED.

---

[4] After a review of the evidence, it is unclear whether a reasonable jury would have found Robicheaux guilty but for the introduction of unduly prejudicial evidence discussed later in this order. However, the Court is mindful that Rule 29 motions should be considered based upon the sufficiency of the evidence presented to the jury. Thus, the appropriate remedy under the circumstances is to order a new trial.

**b.     Motion for New Trial**

Defendant separately moves for a new trial on the grounds that: (1) precluded evidence was admitted at trial; and (2) the trial was tainted by the admission of improper character evidence. *See* Doc. # 181-2 at 4-14.

**1.     Admission of Precluded Evidence**

Defendant contends that her trial was tainted by the admission of evidence previously precluded by the Court. *See* Doc. # 181-2 at 12-14. Defendant explains that the government attempted to question a witness on cross-examination regarding Dhaoui's denial of an entry visa in 1999 even though the Court had previously ruled the evidence was precluded from admission during the government's case-in-chief. Id. at 12. Based on this attempt, defendant orally moved for a mistrial but the Court denied the motion. Id. at 13. Defendant now seeks a mistrial on the grounds that the prosecution's conduct infected the trial such that it resulted in a denial of her right to a fair trial. Id. at 14 (citing Darden v. Wainwright, 477 U.S. 168 (1986); United States v. Sanchez, 176 F.3d 1214 (9th Cir. 1999)).

The government contends, in opposition, that "[i]t is unbelievable and incredible that Robicheaux complains of the testimony concerning Dhaoui's denial of entry into the United States [two] months before he and Robicheaux met when Dhaoui himself testified to this fact during his direct testimony in the defense case-in-chief. Doc. # 184 at 8 (emphasis omitted). The government claims that this direct testimony clearly opened the door to the government's proper cross-examination on the issue. Id. This Court agrees with the government. Because the door was opened by Dhaoui on direct examination concerning this incident, the government's questioning on cross-examination was not improper and, thus, did not prejudice Robicheaux's trial. Accordingly, defendant's motion for a new trial on this basis is DENIED.

//
//
//

## 2.    Admission of Improper Character Evidence

Defendant also argues that evidence concerning her co-defendant Dhaoui's alleged extramarital affair was irrelevant to the issues presented at the trial and improperly placed both defendants' moral character and credibility at issue. Id. at 12. Robicheaux explains that the issues surrounding the false statements alleged in the indictment involved a determination of Dhaoui's residence during the marriage, an issue which requires no character evidence to prove. Id. at 11. Robicheaux argues that the admission of the character evidence tainted her trial and violated her right to due process of law. Id. at 12. Robicheaux points to government witness testimony by Pamela Payne concerning Dhaoui's alleged extramarital affair, demonstrative evidence presented via the government's expert witness in the form of a chart on which the word "affair" was written and published to the jury for an extended period of time, and the admission of Dhaoui's bank statements that contain charges for on-line dating services. See id. at 4-10.

In opposition, the government explains[5] that the testimonial evidence was sought to be admitted "(1) to show that Dhaoui lived in San Diego for the majority of the time and not in El Centro, (2) to corroborate documents ... showing Dhaoui received mail at other addresses indicating he lived in San Diego and not in El Centro, (3) to refute both Defendants' apparent defense that Dhaoui commuted to El Centro frequently, (4) to show Dhaoui's lack of good moral character during the requisite time period which would preclude him from naturalizing, and (5) to show Dhaoui was not living in marital union which was a statutory requirement to naturalize under 8 C.F.R. § 319.1." Doc. # 184 at 5. The government points out that the first three reasons address both defendants' defenses and the latter two affect only Dhaoui. The government contends the evidence concerning Dhaoui's alleged extramarital affair was relevant to the issue of whether

---

[5] The government initially argues that the instant motion should be denied because Robicheaux fails to reference specific evidence in the record to support her contentions. *See* Doc. # 184 at 2 n.1, 3 n.2. The government proceeds to point to specific evidence in the record that defendant refers to in seeking a new trial, rendering the argument moot. Id. at 4-8. This Court notes that the government fails to cite to authority that requires a defendant to point to specific evidence in the record supporting a motion for new trial under Rule 33 and this Court's own independent research has failed to unearth any such authority. Therefore, this Court finds the government's initial argument unavailing.

Dhaoui lived at the residence stated on the immigration documents, that is, Robicheaux's home in El Centro, California. Doc. # 184 at 4. The government points to testimony that an Arabic or Middle Eastern woman was with Dhaoui about six nights a week at a residence other than the El Centro home which demonstrates Dhaoui did not live in marital union with Robicheaux. Id. The government suggests this testimony was only a small portion of the testimony concerning Dhaoui's residence being elsewhere than at the marital home as stated on the immigration forms and it directly refuted both defendants' opening statements and inquiries of government witnesses during cross-examination regarding the defendants' being "in love" and "happily married." Id.

The government further contends that the chart containing the word "affair" was not prejudicial to Robicheaux because it was not admitted as evidence and was presented simply to explain to the jury the differences between the two Code of Federal Regulations sections that related to the charges against Dhaoui in Count 10 as to eligibility for citizenship. Id. at 5-6. Thus, the government claims the chart "had nothing to do with Robicheaux." Id. at 6. In addition, the government contends that the admission of Dhaoui's bank statements containing entries for dating service charges was presented to demonstrate that the address where Dhaoui received his bank statements was different than the El Centro address, to refute direct testimony from Robicheaux and Dhaoui concerning their alleged happy marriage, to impeach Dhaoui's testimony that he would not cheat on his wife and to impeach defendants' character evidence presented by witness Samih Aboutlib regarding Dhaoui's moral character. Id. at 6.

In sum, the government argues that, despite Robicheaux's claim of prejudice, she points to no evidence establishing that this testimony affected anyone but Dhaoui. Id. at 5. The government claims that, because the evidence presented at trial dealt only with Dhaoui's actions, and not Robicheaux's, Robicheaux cannot demonstrate the evidence prejudiced her. Id.

After a thorough review of the record presented, this Court finds that, even if the evidence was intended primarily for purposes of proving Dhaoui's culpability as to Count

10, the evidence bled profusely into Robicheaux's case and was unduly prejudicial. The evidence of Dhaoui's moral character, including Dhaoui's having a romantic relationship in San Diego, participating in online dating, along with demonstrative evidence reflecting the word "affair" in red ink that was displayed before the jury for an inordinate amount of time before it was unpublished, was highlighted throughout the trial. There was no evidence, direct or circumstantial, that Robicheaux was aware of Dhaoui's alleged activities during the marital relationship. Regardless of whether this evidence was relevant and/or unduly prejudicial as it relates to Dhaoui's guilt or innocense concerning Count 10, this Court is of the clear mind that this evidence was irrelevant on the issue of Robicheaux's guilt or innocence and was, to the limited extent it may have been relevant, indeed, unduly prejudicial. Additionally, the challenged evidence changed the character and focus of the trial, creating distractions from the issue of guilt and a mini-trial on character. For even if relevant, the government should have proffered this highly inflammatory evidence during motions *in limine* for the Court's consideration.

This Court also finds it is of little import that the evidence was designed to corroborate other evidence showing Dhaoui actually resided at addresses other than El Centro, and to refute both defendants' anticipated defense that Dhaoui commuted to El Centro frequently, as the government suggests. Statements made during the opening statements as well as evidence presented by defendants in response to the government's evidence and allegations of lack of good moral character and/or lack of an appropriate marital union did not reduce the initial prejudice created, and somewhat baited, by the government's evidence and theory of the case.

This Court's review of the record reflects that the evidence presented to the jury to link the conspiracy and false statement charges relating to Robicheaux preponderated heavily against the verdict in light of the strong and prejudicial inferences drawn from the challenged evidence. The Court's review of the record also reflects that this Court provided insufficient limiting instructions to constrain the manner in which the evidence should have been utilized by the jury. This Court, therefore, finds the presentation of evidence

concerning Dhaoui's character renders this matter an exceptional circumstance warranting a new trial. Accordingly, defendant's motion for a new trial on this basis is **GRANTED.**

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Robicheaux's oral motion for judgment of acquittal under Rule 29 as to Count 5 is **GRANTED**;

2. Robicheaux's oral motions for judgment of acquittal under Rule 29 as to Counts 1, 4 and 12 are **DENIED;**

3. Robicheaux's motion for new trial pursuant to Rule 33 [doc. # 181] is **GRANTED IN PART and DENIED IN PART** as follows:

   a. Robicheaux's motion for new trial based on admission of precluded evidence is **DENIED;** and

   b. Robicheaux's motion for new trial based on the admission of improper character evidence is **GRANTED.**

4. A status hearing shall take place before this Court on **October 20, 2008 at 11:00 a.m.** The status hearing on Robicheaux's companion case in Criminal Case No. 07cr0861 JAH shall be held at the same date and time.

Dated:     September 24, 2008

_____
JOHN A. HOUSTON
United States District Judge